# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KENNETH A. DUFAULT, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>GNC HOLDINGS INC.,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) **Case No. _____**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

Plaintiff Kenneth A. Dufault ("Plaintiff"), by and through his undersigned attorneys, brings this class action on behalf of himself and all others similarly situated, based upon personal knowledge as to himself and his activities, and on information and belief as to all other matters, against defendant, GNC Holdings Co. ("GNC" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. Defendant GNC calls itself the nation's largest specialty retailer of health and wellness products. It has over 8500 locations. GNC carries, among other products, private label herbal supplements, including without limitation, "Herbal Plus" brand Echinacea, Ginseng, St. John's Wort, Ginkgo Biloba, and Saw Palmetto (the GNC "'Herbal Plus' Herbal Supplements"). It offers the Herbal Plus Herbal Supplements through its own store locations, and through certain retail partners. Each of these supplements is sold in a package boldly labeled with the name of the product, and marked with a list of ingredients.

2.  The Attorney General of the State of New York ("NYAG") purchased bottles of each of the aforementioned herbal supplements from locations around the State of New York and tested them for the DNA signature of the plant named on the label.

3.  The NYAG performed 120 DNA tests on 24 bottles of "Herbal Plus" Herbal Supplements and found that DNA matched the label representation only 22 percent of the time. Of the supplements purchased and tested by the NYAG, testing confirmed that only the product sold as garlic consistently contained the named plant.

4.  According to the NYAG testing, the products sold in GNC as echinacea, ginseng, St. John's Wort, saw palmetto and ginkgo biloba did not consistently contain the named plant, and instead consisted in all cases primarily, and in many cases entirely, of filler materials not named among the ingredients on the package. The herbal supplements contained undisclosed filler such as asparagus, rice, primrose, alfalfa/clover, spruce, ranuncula, houseplant, allium, and legume.

5.  Plaintiff and consumers, including members of the Class (defined below), relied on the label and packaging as a representation that they were purchasing supplements consisting of the named plant, and further relied on the ingredients list as a fair and accurate reflection of the contents of the product. Had Defendant disclosed the content of these products, Plaintiff would not have purchased them.

6.  Accordingly, Plaintiff seeks damages and injunctive relief on behalf of himself and the Class under the New Hampshire Chapter 358-A and Breach of Express and Implied Warranties.

## JURISDICTION AND VENUE

7.  This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy in this action exceeds

$5,000,000, exclusive of interest and costs and there are more than 100 members of the Class. Further, Plaintiff, a New Hampshire citizen, and many Class members are citizens of a different state than the Defendant, a Delaware corporation with its principal place of business in Pennsylvania.

8. This Court has personal jurisdiction over GNC because GNC transacts substantial business in this judicial district.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a)-(d) because, *inter alia*, GNC regularly transacts business in this District, and a substantial part of the events giving rise to this cause of action took place in this District.

**PARTIES**

10. Plaintiff resides in Merrimack, New Hampshire and is a New Hampshire citizen. During the relevant period, Plaintiff, while in the State of New Hampshire, was exposed to and saw GNC's "Herbal Plus" Herbal Supplements' labels, and in particular labels for products sold as "Herbal Plus" St. John's Wort. The packaging for these products stated that the bottles contained St. John's Wort.

11. Based upon the labels and purported ingredients, Plaintiff purchased the products labeled as containing St. John's Wort. Had GNC instead accurately labeled the products, Plaintiff would not have purchased them.

12. Specifically, Plaintiff purchased the product labeled St. John's Wort periodically, including from a Rite Aid located at Merrimack Village Mall Shopping Center, 416 Daniel Webster Highway, Merrimack, New Hampshire 03054.

13. Defendant GNC is a Delaware corporation located at 300 Sixth Avenue, Pittsburg, Pennsylvania, 15222.

## FACTUAL BACKGROUND

14. Recent testing by the NYAG has revealed that the herbal supplements sold under the GNC "Herbal Plus" label do not contain the herbal ingredients displayed on the label. As described above, the NYAG utilized DNA barcoding technology to analyze the contents of herbal supplements at major national retailers, including Defendant. At GNC, the NYAG purchased and tested six "Herbal Plus" brand herbal supplements, including Gingko Biloba, St. John's Wort, Ginseng, Garlic, Echinacea, and Saw Palmetto.

15. The NYAG performed 120 DNA tests on 24 bottles of herbal supplements purchased and discovered that the labeled contents matched DNA only 22 percent of the time. Specifically, GNC "Herbal Plus" St. John's Wort contains no St. John's Wort, but instead contains: asparagus, rice, primrose, alfalfa/clover, spruce, ranuncula, houseplant, allium, and legume. The other "Herbal Plus" Herbal Supplements similarly did not contain the labeled herb but instead contained undisclosed fillers.

16. Thus, although Defendant purports to sell its customers herbal supplements, the supplements do not contain the active ingredient promised in the product's name and on the label.

17. Relying on Defendant's false representations, Plaintiff and members of the Class believed the supplements were as labeled, and that the ingredients list fairly and accurately presented the ingredients. Had Plaintiff known the true content of the product, Plaintiff would not have purchased it.

18. Plaintiff and the Class have been damaged by the false and deceptive labeling of the "Herbal Plus" Herbal Supplements and are therefore entitled to a return of the purchase price paid for these products.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) individually and on behalf of the class, defined as follows: All persons who, between February 9, 2012 and the present, purchased the "Herbal Plus" Herbal Supplements from a GNC location in the United States (the "National Class").

20. Plaintiff also brings this action on behalf of a subclass, defined as follows: All persons who, between February 9, 2012 and the present, purchased the "Herbal Plus" Herbal Supplements from a GNC location in New Hampshire (the "New Hampshire Class" and, collectively with the National Class, the "Class").

21. Excluded from the Class are the following individuals and/or entities: any entity in which Defendant has a controlling interest; Defendant's officers, directors affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries and assigns; and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

22. Plaintiff respectfully reserves the right to amend the Class definition after he has had an opportunity to conduct discovery.

23. This action can be maintained as a class action because the proposed Class is easily ascertainable.

24. Numerosity: Rule 23(a)(1). The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains at least hundreds of purchasers of GNC the "Herbal Plus" Herbal Supplements. The number of Class members is unknown to the Plaintiff but could be discerned from the records maintained by GNC.

25.     <u>Existence of Common Questions of Law and Fact</u>: Rule 23(a)(2).  This action involves substantial questions of law and fact common to all members of the Class, which include, but are not limited to, the following:

a.  Whether the products at issue were mislabeled as a matter of law;

b.  Whether Defendant engaged in unlawful, unfair or deceptive business practices by failing to properly label its products it sold to consumers;

c.  Whether Defendant made unlawful and misleading representations and warranties with respect to its products sold to consumers;

d.  Whether Defendant violated New Hampshire Chapter 358-A, Regulation Of Business Practices For Consumer Protection;

e.  Whether Defendant breached its implied warranty of merchantability;

f.  Whether Defendant breached its express warranties;

g.  Whether Plaintiff is entitled to damages; and

h.  Whether Plaintiff is entitled to injunctive relief, restitution or other equitable relief and/or relief as may be proper.

26.     <u>Typicality</u>: Rule 23(a)(3).  All members of the Class have been subject to and affected by the same conduct by GNC.  The claims alleged herein are based on the same violations by GNC that harmed Plaintiff and members of the Class.  By purchasing the "Herbal Plus" Herbal Supplements during the relevant time period, all members of the Class were subjected to the same wrongful conduct.  Plaintiff's claims are typical of the Class' claims and do not conflict with the interests of any other members of the Class.  Defendant's unlawful, unfair, deceptive, and/or fraudulent actions and breaches of warranty concern the same business practices described herein irrespective of where they occurred or were experienced.

27.     <u>Adequacy</u>: Rule 23(a)(4).  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer

class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

28. <u>Injunctive and Declaratory Relief</u>: Rule 23(b)(2). GNC's actions regarding the deceptions regarding the "Herbal Plus" supplements are uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief as requested herein is appropriate respecting the Class as a whole.

29. <u>Predominance and Superiority of Class Action</u>: Rule 23(b)(3). Questions of law or fact common to the Class predominate over any questions affecting only individual members and a class action is superior to other methods for the fast and efficient adjudication of this controversy, for at least the following reasons:

   a. Absent a class action, members of the Class as a practical matter will be unable to obtain redress, Defendant's violations of their legal obligations will continue without remedy, additional consumers will be harmed, and Defendant will continue to retain its ill-gotten gains;

   b. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

   c. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

   d. A class action will permit an orderly and expeditious administration of each Class member's claims and foster economies of time, effort, and expense;

   e. A class action regarding the issues in this case does not create any problems of manageability; and

   f. Defendant has acted on grounds generally applicable to the members of the Class, making class-wide monetary relief appropriate.

## COUNT I

### CHAPTER 358-A
### REGULATION OF BUSINESS PRACTICES FOR CONSUMER PROTECTION
(On Behalf of the New Hampshire Class)

30. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. New Hampshire Chapter 358-A, Regulation Of Business Practices For Consumer Protection, prohibits any person from using "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." It further specifically prohibits "[r]epresenting that goods or services have … characteristics, *ingredients*, uses, benefits, or quantities that they do not have." (Emphasis supplied.)

32. Defendant has engaged in unfair competition and unfair and deceptive practices by the conduct, statements, and omissions described above, and by concealing from Plaintiff and the New Hampshire Class the material fact that the "Herbal Plus" Herbal Supplements contained different ingredients than the herbs claimed on the label.

33. As a result of Defendant's pervasive false marketing and advertising, including deceptive and misleading acts and omissions as detailed in this Complaint, Plaintiff and other members of the New Hampshire Class have in fact been harmed as described above. If Defendant had disclosed the true contents of its "Herbal Plus" Herbal Supplements discussed above and otherwise been truthful about the contents of its "Herbal Plus" Herbal Supplements, Plaintiff would not have purchased Defendant's "Herbal Plus" Herbal Supplements. Defendant was also able to charge more than what its "Herbal Plus" Herbal Supplements would have been worth had it disclosed the truth about them.

34. As a result of Defendant's unlawful, unfair, and fraudulent practices, Plaintiff and the other New Hampshire Class members have suffered injury in fact and lost money.

35. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate for the New Hampshire Class.

36. As a result of Defendant's conduct in violation of Section 358-A, Plaintiff and members of the New Hampshire Class have been injured as alleged herein in amounts to be proven at trial because they purchased GNC's "Herbal Plus" Herbal Supplements without full disclosure of the material facts discussed above.

37. As a result, Plaintiff individually, and on behalf of the New Hampshire Class, and the general public, seek restitution and disgorgement of all money obtained from Plaintiff and the members of the New Hampshire Class collected by Defendant as a result of unlawful, unfair, and/or fraudulent conduct, and seek injunctive relief, and all other relief this Court deems appropriate.

## COUNT II

### Breach of Express and Implied Warranty
### (On Behalf of the National Class and the New Hampshire Class)

38. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the National Class and the New Hampshire Class.

40. Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased GNC's "Herbal Plus" Herbal Supplements. The terms of that contract include the promises and affirmations of fact made by Defendant on its "Herbal Plus" Herbal Supplements' labels. The information provided on the "Herbal Plus" Herbal Supplements' labels constitute express warranties, became part of the basis

of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

41. Plaintiff and the Class members performed their obligations under the contract.

42. Defendant breached the terms of the express warranties with Plaintiff and the Class by not providing GNC's Herbal Plus" Herbal Supplements with the contents on displayed on the products' label.

43. Defendant was on notice of its breaches of express and implied warranty by virtue of the fact Defendant had knowledge of the contents and ingredients that were in its "Herbal Plus" Herbal Supplements.

44. By placing the "Herbal Plus" Herbal Supplements into the stream of commerce, by operation of law, Defendant also impliedly warranted to Plaintiff and the Class that its herbal supplements were accurately labeled in conformance with the law.

45. As a result of Defendant's breach of its contract, Plaintiff and the Class have been damaged in the amount of the purchase price of the "Herbal Plus" Herbal Supplements they purchased.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief for each cause of action set forth in this Complaint as follows:

A. Certifying the Class as requested herein, appointing Plaintiff as representative of the Class and appointing Plaintiff's attorneys as class counsel;

B. Requiring Defendant to disgorge or return all monies, revenues and profits obtained by means of any wrongful act or practice to Plaintiff and the members of the Class under each cause of action where such relief is permitted;

C. Enjoining Defendant from continuing the unlawful practices as set forth herein, including marketing or selling of "Herbal Plus" Herbal Supplements without disclosing the true contents, and directing Defendant to engage in corrective action, or providing other injunctive or equitable relief;

D. Awarding damages for breach of express and implied warranty;

E. Awarding all equitable remedies available pursuant to New Hampshire law;

F. Awarding attorneys' fees and costs;

G. Awarding pre-judgment and post-judgment interest at the legal rate; and

H. Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: February 9, 2015

Respectfully submitted,

**MALLORY & FRIEDMAN, PLLC**

By: __/s/ Mark L. Mallory_____
Mark L. Mallory, NH Bar ID 1599
3 N. Spring Street
Concord, NH 03301
Tel.: (603) 228-2277
Fax: (603) 228-2275
mark@malloryandfriedman.com

THOMAS H. BURT
burt@whafh.com
JANINE L. POLLACK
pollack@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
(*pro hac vice* motions to be filed)

Counsel for Plaintiff